United States District Court

Eastern District of California

Lawrence Birks,

     Plaintiff,                No. Civ. S 05-1105 LKK PAN P

  vs.                             Order

C. A. Terhune, et al.,

     Defendants.

-oOo-

Plaintiff is a prisoner, without counsel, seeking leave to commence an action against prison officials for civil rights violations in forma pauperis pursuant to 28 U.S.C. § 1915(a). This proceeding was referred to this court by Local Rule 72-302 pursuant to 28 U.S.C. § 636(b)(1).

Plaintiff's declaration makes the showing required by 28 U.S.C. § 1915(a)(1) and (2).

Pursuant to 28 U.S.C. § 1915(b)(1), plaintiff must pay the $250 filing fee required by 28 U.S.C. § 1914(a). Plaintiff must

make monthly payments of 20 percent of the preceding month's income credited to his trust fund account.  28 U.S.C. § 1915(b)(2).  The agency having custody of plaintiff shall forward payments from plaintiff's account to the clerk of the court each time the amount in the account exceeds $10 until the filing fee is paid.

Congress burdens this court with the task of scrutinizing, at the outset of the litigation, each complaint in "a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity."  28 U.S.C. § 1915A(a).  Under that rigorous review the court must identify cognizable claims or dismiss the complaint, or any portion of it, if it is frivolous, malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief.[1]  The court's affirmative duty to screen prisoner plaintiffs' pleading makes such cases unique.

The complaint in this action is so prolix and obscure that the court cannot reasonably discharge its responsibility under § 1915A(a) until plaintiff first satisfies his own duty to comply with the pleading requirements set forth in Rule 8 of the Federal Rules of Civil Procedure.  This rule requires the pleader to set

---

[1] What is more, the court cannot require defendants to reply to such complaints without first determining plaintiff has a reasonable opportunity to prevail on the merits of his claims.  42 U.S.C. § 1997e(g).

2

forth his averments in a simple, concise, and direct manner.[2] The degree of simplicity and conciseness required depends on the subject matter of the litigation, the nature of the claims or defenses presented and the number of parties involved. Wright & Miller, Federal Practice & Procedure, vol. 5 § 1281 & n. 12 (1990) (explaining that an antitrust or copyright pleading due to its complexity, must be pleaded with more detail than a simple negligence complaint).[3]

In reviewing the complaint to determine if it states a claim for relief, the court will construe plaintiff's pleading liberally. See Haines v. Kerner, 404 U.S. 519 (1972). The court will not dismiss a complaint without first telling plaintiff what the deficiencies are and giving him an opportunity to cure them.

---

[2] A party need only plead in terms that are sufficient to provide the necessary notice to his adversary, and evidentiary material supporting the general statements normally should not be set out in the pleadings but rather should be left to be brought to light during the discovery process. Wright & Miller § 1281 Rule 8 p. 519.

[3] In this regard, the mere fact that this action falls into the exclusive category the court must screen under § 1915A dictates a strict interpretation of whether the pleading is sufficiently short and plain. The undersigned has over 200 such cases on his docket at any one time. One poorly-pleaded, 30-page prisoner complaint, multiplied by 200, yields 6,000 pages of material this court has an affirmative duty to review and screen (not to mention the frequency with which a pro se prisoner's pleading must go through amendment before service of process). Both the defendants and the court must select the relevant material from the mass of verbiage. "[T]he law does not require nor does justice demand that a judge must grope through [thousands of] pages of irrational prolix and redundant pleadings, containing matters foreign to the issue involved . . . in order to determine the grounds for the [plaintiff's] complaint." Passic v. Michigan, 98 F. Supp. 1015, 1016-17 (D.C. Mich. 1951). The court's transition to a paperless record system greatly exacerbates the problem.

Noll v. Carlson, 809 F.2d 1446 (9th Cir. 1987); Eldridge v. Block, 832 F.2d 1132, 1136 (9th Cir. 1987).

But before undertaking to determine whether the complaint may have merit, the court may insist upon compliance with its rules. McNeil v. United States, 508 U.S. 106 (1993) (federal rules apply to all litigants, including prisoners lacking access to counsel); Crawford-El v. Britton, 523 U.S. 574 (1998) (encouraging "firm application" of federal rules in prisoner cases).

Plaintiff's 57-page handwritten complaint claims constitutional violations concerning retaliation, diet, cell housing practices, equal protection, medical care and mental health care and includes excerpts regarding qualified immunity, summary judgment and motions to dismiss. Some of the events described occurred in 2004, others in 2005. It is impossible to correlate actors with actions, for the most part. Plaintiff also has submitted approximately 200 pages of exhibits, mostly comprised of documents relating to over a dozen inmate appeals. Most of the grievances relate to law library privileges or mis-handled mail. Two grievances relate to an incident in the spring of 2004 involving a doctor, a guard and plaintiff's behavior during a medical examination. The record suggests plaintiff perhaps has been deprived of constitutionally adequate care for mental illness, but none of the grievances pertain to such claims. The record demonstrates plaintiff has the capacity to utilize the prison grievance process.

1   Plaintiff's complaint violates Rules 8 and 20 of the Federal
2 Rules of Civil Procedure.
3   In reviewing plaintiff's complaint, the court is required to
4 guess who is being sued for what.  If the pleading were served in
5 its present form it would not give defendants fair notice of the
6 claims against them and, indeed, their best guess about the
7 nature of plaintiff's complaint may be quite different than the
8 court's.  See McHenry v. Renne, 84 F.3d 1172 (9th Cir. 1996)
9 (court should be able to read the complaint in minutes, not
10 hours, and may consider the rights of defendants to be free from
11 costly and harassing litigation and other litigants waiting their
12 turns to have other matters resolved); see also Nevijel v. North
13 Coast Life Insurance Co., 651 F.2d 671 (9th Cir. 1971); Von
14 Poppenheim v. Portland Boxing & Wrestling Commission, 442 F.2d
15 1047 (9th Cir. 1971).  Plaintiff's submitted grievance documents
16 do not illumine his claims sufficiently to satisfy the
17 requirements of notice pleading.
18   Plaintiff's task is modest.  He is not required to identify
19 the law that makes the alleged conduct wrong.  A pleader is free
20 to use his own language to state, simply and directly, the wrong
21 that has been committed, and clearly explain how each state actor
22 identified as a defendant was involved and what relief plaintiff
23 requests of each defendant.  Jones v. Community Redevelopment
24 Agency of the City of Los Angeles, 733 F.2d 646 (9th Cir. 1984);
25 Johnson v. Duffy, 588 F.2d 740 (9th Cir. 1978).
26

1    Plaintiff's complaint is dismissed with leave to amend.  If
2 he wishes to continue this litigation he must file an amended
3 complaint.
4    Plaintiff's amended complaint must adhere to the following
5 requirements:
6    A complaint must contain a caption including the name of the
7 court and the names of all parties.  Fed. R. Civ. P. 10(a).
8    More than one claim against a single defendant may be joined
9 in the same action.  Fed. R. Civ. P. 18(a).
10    Claims against different defendants may be joined in the
11 same action only if the claims arise from the same transactions
12 or occurrences.  Fed. R. Civ. P. 20(a).
13    Each claim founded upon a separate transaction or occurrence
14 must be set apart as a "separate count."  Within each count, the
15 circumstances that give rise to the claim must be alleged in
16 separate, numbered paragraphs.  Fed. R. Civ. P. 10(b).
17    These allegations must be short and plain, simple and
18 direct and describe the relief plaintiff seeks.  Fed. R. Civ. P.
19 8(a); Swierkiewicz v. Sorema N.A., 534 U.S. 506, 514 (2002);
20 Galbraith v. County of Santa Clara, 307 F.3d 1119, 1125 (9th Cir.
21 2002).[4]

---

[4] Negligence is not actionable under 42 U.S.C. § 1983.  However, to illustrate the simplicity and brevity of statement contemplated by the rules (see Fed. R. Civ. P. 84), this example of a complaint based upon an automobile accident is provided:

    1.  Allegation of jurisdiction.
    2.  On June 1, 1936, in a public highway called Boylston Street in Boston, Massachusetts, defendant negligently drove a motor vehicle against plaintiff who was then crossing said highway.
    3.  As a result plaintiff was thrown down and had his leg broken

1   Plaintiff must sign the complaint. Fed. R. Civ. P. 11(a).
2   The amended complaint must be complete in itself without
3 reference to plaintiff's original complaint. Local Rule 15-220.
4   Plaintiff is admonished that a prisoner pursuing civil
5 rights claims without counsel, like all other litigants, is
6 required to obey the court's orders, including an order to amend
7 his pleading. <u>Ferdik v. Bonzelet</u>, 963 F.2d 1258 (9th Cir. 1992);
8 <u>Pagtalunan v. Galaza</u>, 291 F.3d 639 (9th Cir. 2002). His failure
9 to obey the court's orders and the local and federal rules and
10 meet his responsibilities in prosecuting this action may justify
11 dismissal, including dismissal with prejudice. <u>Ferdik</u>, 963 F.2d
12 1258 (affirming dismissal with prejudice for pro se prisoner's
13 failure to comply with order requiring filing of amended civil
14 rights complaint); <u>Pagtalunan</u>, 291 F.3d 639 (affirming dismissal
15 with prejudice for pro se prisoner's failure to comply with order
16 requiring filing of amended habeas petition); <u>Moore v. United
17 States</u>, 193 F.R.D. 647 (N.D. Cal. 2000) (denying motion for leave
18 to file third amended complaint and dismissing action with
19 prejudice for pro se plaintiff's failure to comply with Rule 8);
20 <u>Franklin v. Murphy</u>, 745 F.2d 1221, 1232-33 (9th Cir. 1984)
21 (affirming dismissal with prejudice for pro se prisoner's failure
22 to prosecute); <u>Carey v. King</u>, 856 F.2d 1439 (9th Cir. 1988)

---

and was otherwise injured, was prevented from transacting his business, suffered great pain of body and mind, and incurred expenses for medical attention and hospitalization in the sum of one thousand dollars.
    Wherefore plaintiff demands judgment against defendant in the sum of ____ dollars and costs.

Form 9, Appendix of Forms to the Federal Rules of Civil Procedure.

(affirming dismissal without prejudice for pro se prisoner's failure to comply with local rule requiring he notify the court of any change of address).

Accordingly, the court hereby orders that:

1. Plaintiff's request to proceed in forma pauperis is granted. Plaintiff must pay a $250 filing fee.

2. Plaintiff's complaint is dismissed with leave to amend within 30 days. Plaintiff shall file an original and one copy of his amended complaint, which must bear the docket number assigned to this case and be titled "Amended Complaint." Failure to comply with this order may result in a recommendation the action be dismissed and, if warranted, that dismissal will be with prejudice.

3. All other pending motions and requests are denied without prejudice to plaintiff renewing them after he files a satisfactory pleading.

Dated: November 17, 2005.

                                /s/ Peter A. Nowinski
                                PETER A. NOWINSKI
                                Magistrate Judge