IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

LAWRENCE BIRKS,

        Plaintiff,                            No. CIV S-05-1105 LKK EFB P

    vs.

C. A. TERHUNE, et al.,

        Defendants.                      ORDER AND FINDINGS
                                                     AND RECOMMENDATIONS

_____/

       Plaintiff is a state prisoner proceeding pro se and *in forma pauperis* with a civil rights action pursuant to 42 U.S.C. § 1983. This action proceeds on plaintiff's April 24, 2006, amended complaint. On November 3, 2006, defendants Runnels and Cummings filed an unenumerated 12(b) motion to dismiss, alleging that plaintiff failed to exhaust administrative remedies prior to filing suit, as required by the Prison Litigation Reform Act. On January 10, 2007, plaintiff filed a motion seeking a preliminary injunction ordering defendants to provide plaintiff with access to the law library and sanctions against defendants pursuant to Federal Rules of Civil Procedure Rule 11. The latter motions claims that law librarian Cobbs has impaired plaintiff's ability to comply with a court-ordered deadline for filing an opposition to defendants' motion to dismiss. He states that he is being denied access to the C-Yard law library and cannot make necessary copies for filing his opposition. However, plaintiff has since filed on

1

January 26, 2007, his opposition to that motion and it has been considered by the court in its resolution of the merits of the motion to dismiss. Accordingly, plaintiff's request for a preliminary injunction is moot. Plaintiff's request for sanctions will likewise be denied.

Sanctions under Fed. R. Civ. P. Rule 11 are applicable only in situations where a pleading is deficient for lack of proper signature or is misleading in that it contains information presented for improper purpose, in contradiction to existing law, or lacking evidentiary support. Even if plaintiff were entitled to a preliminary injunction, his request for Rule 11 sanctions would be without merit as plaintiff has failed to allege facts for which Rule 11 sanctions would be appropriate.

The court now addresses the motion to dismiss.

**I. Standards Applicable to This Motion**

Defendant's motion to dismiss challenges whether plaintiff has met the requirement of the Prison Litigation Reform Act (PLRA) that "[n]o action shall be brought" until available administrative remedies are exhausted. 42 U.S.C. § 1997e(a).

Defendant seeks dismissal under Rule 12(b) of the Federal Rules of Civil Procedure. While the Ninth Circuit has stated that Rule 12(b) is the proper mechanism for resolving questions arising under 42 U.S.C.§ 1997e(a), *Wyatt v. Terhune*, 315 F.3d 1108 (9th Cir. 2003), the reason underlying that decision has been undermined. The Ninth Circuit found that failure to exhaust was a matter in abatement which should be raised in a motion made under "unenumerated Rule 12(b)."[1] *Wyatt*, 315 F.3d at 1119. However, the United States Supreme Court recently clarified that failure to exhaust is an affirmative defense which defendant has the burden of pleading and proving. *Jones v. Bock*, ___ U.S. ___, 127 S.Ct. 910, 921 (2007). Federal

---

[1] *Wyatt* is clear that regardless of nomenclature, a motion attacking failure to exhaust is not a challenge to the sufficiency of the complaint. It is a motion in which defendant must raise and prove by evidence the absence of exhaustion. *Id.* In this regard, the Ninth Circuit in *Wyatt* provides further guidance. It recognizes that when the district court looks beyond the pleadings to a factual record in deciding the exhaustion motion it necessarily does so under "a procedure closely analogous to summary judgment." *Id.*, n.14

2

courts appropriately consider affirmative defenses on summary judgment.  Here, defendant's motion necessarily requires the court to consider the affidavits and exhibits presented for the purpose of proving the absence of exhaustion.  Accordingly, the court finds that a motion for summary judgment is the proper mechanism for resolving the question of whether plaintiff satisfied the exhaustion requirement.

**II.  Rule 56 Standards**

Summary judgment is appropriate when there is no genuine issue of material fact and the movant is entitled to judgment as a matter of law.  Fed. R. Civ. P. 56(c); *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986).[2]  As explained by the Ninth Circuit, the utility of Rule 56 to screen which cases actually require resolution of disputed facts over material issues (through presentation of testimony and evidence at trial) has been clarified and enhanced.

> In three recent cases, the Supreme Court, by clarifying what the non-moving party must do to withstand a motion for summary judgment, has increased the utility of summary judgment. First, the Court has made clear that if the non-moving party will bear the burden of proof at trial as to an element essential to its case, and that party fails to make a showing sufficient to establish a genuine dispute of fact with respect to the existence of that element, then summary judgment is appropriate. *See Celotex Corp. v. Catrett*, 477 U.S. 317 (1986).  Second, to withstand a motion for summary judgment, the non-moving party must show that there are "genuine factual issues that properly can be resolved only by a finder of fact because they may reasonably be resolved in favor of either party." *Anderson v. Liberty Lobby, Inc*., 477 U.S. 242 (1986) (emphasis added).  Finally, if the factual context makes the non-moving party's claim implausible, that party must come forward with more persuasive evidence than would otherwise be necessary to show that there is a genuine issue for trial. *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574 (1986).  No longer can it be argued that *any disagreement* about a material issue of fact precludes the use of summary judgment.

---

[2] On October 5, 2004, the court expressly informed plaintiff of the requirements for opposing a motion pursuant to Rule 56 of the Federal Rules of Civil Procedure.  *See Rand v. Rowland*, 154 F.3d 952, 957 (9th Cir. 1998) (en banc),  *cert. denied*, 527 U.S. 1035 (1999), and *Klingele v. Eikenberry*, 849 F.2d 409, 411-12 (9th Cir. 1988).  Pursuant to *Wyatt*, 315 F.3d at 1120, n.4, that order also expressly informed plaintiff of the requirements for opposing a failure to exhaust motion that is supported by affidavits or declarations and exhibits.

*California Arch. Bldg. Prod. v. Franciscan Ceramics*, 818 F.2d 1466, 1468 (9th Cir.), *cert. denied*, 484 U.S. 1006 (1988) (parallel citations omitted) (emphasis added).  In short, there is no "genuine issue as to material fact," if the non-moving party "fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial." *Grimes v. City and Country of San Francisco*, 951 F.2d 236, 239 (9th Cir. 1991) (quoting *Celotex*, 477 U.S. at 322).

**III.  Plaintiff's Alleged Failure to Exhaust**

A prisoner may bring no action under 42 U.S.C. § 1983 or any other federal law until he has exhausted available administrative remedies.  42 U.S.C. § 1997e(a).  This requirement is mandatory.  *Booth v. Churner*, 532 U.S. 731, 741 (2001).  A prisoner seeking leave to proceed *in forma pauperis* in an action challenging the conditions of his confinement brings an action for purposes of 42 U.S.C. § 1997e when he submits his complaint to the court.  *Vaden v. Summerhill*, 449 F.2d 1048, 1050 (9th Cir. 2006).  Therefore, a prisoner must exhaust available administrative remedies before filing any papers in federal court and the prisoner is not entitled to a stay of judicial proceedings in order to exhaust.  *Id.* at 1051;  *McKinney v. Carey*, 311 F.3d 1198 (9th Cir. 2002).  Defendant has the burden of proving that plaintiff did not exhaust.  *Brown v. Valoff*, 422 F.3d 926, 936 (9th Cir. 2005); *Wyatt*, 315 F.3d at 1119.

California prisoners may appeal "any departmental decision, action, condition, or policy which they can demonstrate as having an adverse effect upon their welfare."  Cal. Code Regs. tit. 15, § 3084.1(a).  The regulations require the use of specific forms but contain no guidelines for grievance content.  *Id.*, at §§ 3084.2, 3085.  Prisoners ordinarily must present their allegations on one informal and three formal levels of review, although the informal and the first formal levels may be bypassed.  *Id*., at § 3084.5.  A division head reviews appeals on the first formal level, *see id.*, at § 3084.5(b)(3) (authorizing bypass of the first formal level when the division head cannot resolve it), and the warden or a designee thereof reviews appeals on the second formal level.  *See Id*., at § 3084.5(e)(1).  Generally, completion of the third level, the Director's Level of Review,

4

exhausts the remedy. *Id.*, at § 3084.1(a).

**IV. Summary of Facts**[3]

Plaintiff is an inmate in the custody of the California Department of Corrections and Rehabilitation (CDCR) and is currently incarcerated at High Desert State Prison (HDSP) in Susanville, California. Defendants Runnels, McGuire[4], and Cummings are employees of the CDCR, and work at HDSP as Warden, correctional officer, and chief psychologist, respectively.

Plaintiff's complaint alleges that his Eighth Amendment rights were violated when, on March 3, 2004, defendant McGuire attacked plaintiff while he was in waist-hand restraints and caused his back to be re-injured. Plaintiff also contends that after the attack, defendant McGuire denied him a confidential medical examination. Amended Complaint (AC), at 5, 7, 10.

Plaintiff alleges that defendant Cummings, a chief psychologist, denied plaintiff mental health medication and conspired with other correctional staff to deny plaintiff mental health housing and a transfer to the California Medical Facility in Vacaville. Plaintiff contends that the medication and housing transfer were necessary to address his extensive and untreated symptoms of mental illness. *Id*.

Plaintiff contends that defendant Runnels, the Warden at High Desert State Prison, did not stop the alleged civil rights violations from the March 3, 2004, incident, and from the denial of medical treatment, medication, and mental health housing. *Id*.

Plaintiff filed suit on June 3, 2005.

**V. Analysis**

Defendants contend that there is no record of any Director's Level decisions regarding plaintiff's claims against defendant Cummings having been issued before plaintiff filed his

---

[3] Unless otherwise specified, the facts are taken from defendants' November 3, 2006, motion to dismiss. Citations to plaintiff's amended complaint refer to pagination assigned by the Case Management – Electronic Case Filing system.

[4] Defendant McGuire has not joined in the motion to dismiss.

original complaint on June 3, 2005. Defs.' Mot. to Dism., Ex. B, Decl. of N. Grannis (Grannis Decl.), at ¶ 10. Defendants also argue that there is no record of plaintiff having filed a grievance regarding plaintiff's claims against defendant Runnels in this lawsuit. Defs.' Mot. to Dism., Ex. A, Decl. of S. Babich (Babich Decl.), at ¶ 9; Ex. B, Grannis Decl., at ¶ 14. Examination of the records supports defendants' contentions. Plaintiff's opposition does not adduce any evidence to the contrary. Plaintiff instead cites *Rumbles v. Hill*, 182 F.3d 1064 (9th Cir. 1999), for the proposition that exhaustion is not mandated in federal civil rights suits seeking only money damages because money damages are normally not available through the CDC administrative appeal process. That holding was specifically overruled by *Booth v. Churner*, 532 U.S. 731 (2001).

**VI.   Conclusion**

Accordingly, it is hereby ORDERED that plaintiff's January 10, 2007, motion for sanctions is denied.

Further, it is hereby RECOMMENDED that:

1. Defendants' November 3, 2006, motion to dismiss for failure to exhaust administrative remedies be granted and this case be dismissed as to all defendants save and except defendant McGuire; and

2. Plaintiff's motion for injunctive relief to enable him to file an opposition brief be denied as moot.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within twenty days after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Failure to file objections

////

////

1  within the specified time may waive the right to appeal the District Court's order. *Turner v.*
2  *Duncan*, 158 F.3d 449, 455 (9th Cir. 1998); *Martinez v. Ylst*, 951 F.2d 1153 (9th Cir. 1991).
3  Dated: August 22, 2007.

EDMUND F. BRENNAN
UNITED STATES MAGISTRATE JUDGE

7