IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

LAWRENCE BIRKS,

        Plaintiff,                      No. CIV S-05-1105 LKK EFB P

    vs.

C.A. TERHUNE, et al.,

        Defendants.             ORDER AND
                                             FINDINGS AND RECOMMENDATIONS

/

       Plaintiff is a state prisoner without counsel seeking relief for alleged civil rights violations. See 42 U.S.C. § 1983. Before the court are several motions filed by plaintiff. They include a January 26, 2007, motion requesting a physical examination by an outside doctor and a motion for a court order directing defendants to respond to his complaint; a February 1, 2007, motion for a court order directing defendants to respond to plaintiff's motions; a March 5, 2007, motion to compel defendants' compliance with a discovery request; and an April 30, 2007, motion for sanctions. This order addresses each motion.

       Plaintiff's first motion seeks a court-ordered physical examination by an outside doctor. Under the Federal Rules of Evidence, an individual with scientific, technical or specialized knowledge may testify only if the testimony "will assist the trier of fact to understand the evidence or to determine a fact in issue." Fed. R. Evid. 702. The court may on the motion of a

1

party or on its own motion, "enter an order to show cause why an expert witnesses should not be appointed, and may request the parties to submit nominations." Fed. R. Civ. 706. Plaintiff has not shown that for purposes of determining defendants' liability, the testimony of a doctor or psychologist would assist the trier of fact to understand the evidence or to determine a disputed fact. Furthermore, deciding questions of law is within the purview of the court, not expert witnesses offering their opinion on how the court should interpret the law. For these reasons, plaintiff has not shown that appointment of the requested experts is appropriate under Rule 706, and his request is therefore denied.

Next, plaintiff seeks an order directing defendants Barron and Manis to respond to his complaint. On May 7, 2007, the court dismissed defendant Manis from the action for plaintiff's failure to return the necessary forms to effect service on said defendant. By order filed March 13, 2007, plaintiff was informed that process directed to defendant N. Barron was returned unserved with the notation "no 'N. Barron' in CDC locator." That order instructed plaintiff to promptly seek additional information through discovery, the California Public Records Act, California Government Code §§ 625, *et seq.*, or other means available to him, in order to serve this defendant. Plaintiff was granted an additional 60 days in which to complete and submit a USM-285 form for defendant Barron together with two copies of the endorsed amended complaint filed April 24, 2006, or show good cause why he cannot provide such information. Plaintiff has failed to do either. The court therefore recommends that defendant Barron be dismissed from this action.

Plaintiff also seeks to compel defendants' compliance with several discovery requests. His February 1, 2007, motion, seeks the production of documents, answers to his first set of interrogatories, and responses to a request for admissions. Plaintiff states that he requested this discovery from defendants on January 23, 2007. The November 14, 2006, scheduling order required written discovery to be served at least 60 days prior to the March 9, 2007, discovery cut-off date. The deadline to propound written discovery was January 8, 2007. Plaintiff's

2

1 January 23, 2007, requests for discovery were therefore untimely. Accordingly, the February 1,
2 2007, motion to compel discovery is denied.

3 Plaintiff's March 5, 2007, motion to compel states that defendants objected to his
4 discovery requests as untimely and also states that the California Attorney General refused to
5 provide plaintiff with an accurate address for defendants Mangis and Barron. Defendants filed
6 an opposition to plaintiff's motion to compel, stating that plaintiff has not shown good cause for
7 having propounded tardy discovery requests on January 23, 2007. Defendants further assert that
8 plaintiff attempted to gain discovery of defendants Mangis and Barron by questioning defense
9 counsel during counsel's deposition of him. Plaintiff's attempt to gain discovery in this way was
10 erroneous, and further, defense counsel does not represent the unserved defendants in this case
11 and is not at liberty to obtain this information for plaintiff. The court finds that plaintiff's
12 motions for discovery were untimely served and without merit, and therefore denies his March 5,
13 2007, motion to compel.

14 Plaintiff moves for sanctions, stating that he was deprived of notice prior to being
15 brought to the law library for the purpose of reviewing his deposition transcript. Defendants
16 filed an opposition to plaintiff's motion for sanctions, stating that plaintiff was afforded four
17 hours within which to review his deposition transcript, and afforded an opportunity to schedule
18 more time if required. Plaintiff reviewed and made corrections for two hours. He was informed
19 that he could continue to review his transcript in two days and that after he finished review he
20 would have an additional two hours in the law library to conduct legal research on his case.
21 When, after two days had passed, plaintiff was given the opportunity to continue with review and
22 research, he refused. Correctional Counselor J. Owen offered to reschedule plaintiff's review,
23 but he again declined.

24 Under the Federal Rules of Civil Procedure, Rule 30(e), "if requested by the deponent or
25 a party before completion of the deposition, the deponent shall have 30 days after being notified
26 by the officer that the transcript or recording is available in which to review the transcript of

1  recording and, if there are changes in form or substance, to sign a statement reciting such
2  changes and the reasons given by the deponent for making them." Plaintiff does not allege that
3  he requested 30 days within which to review the transcript of his deposition. Regardless,
4  plaintiff's refusal to schedule time for further review severely undercuts his argument that lack
5  of sufficient notice warrants sanctions against defendants. Further, sanctions are not available
6  for lack of sufficient notice for review of transcripts under Fed. R. Civ. P. Rules 30 or 37.
7  Plaintiff's motion for sanctions is therefore denied.

   Accordingly, it is hereby ORDERED that:

   1. Plaintiff's January 26, 2007, motion for a court-ordered physical and psychological examination by a doctor outside his facility of incarceration is denied;

   2. Plaintiff's January 26, 2007, motion for a court order directing defendants to respond to his complaint is denied;

   3. Plaintiff's February 1, 2007, motion to compel is denied;

   4. Plaintiff's March 5, 2007, motion to compel is denied; and

   5. Plaintiff's April 30, 2007, motion for sanctions is denied.

   Further, it is RECOMMENDED that defendant Barron be dismissed without prejudice.

   These findings and recommendations are submitted to the Untied States District Judge assigned to the case, pursuant to 28 U.S.C. § 636(b)(1). Within twenty days after being served these findings and recommendations, any party may file written objections with the court and serve a copy on all parties. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Failure to file objections within the specified time may waive the right to appeal the District Court's order. *Turner v. Duncan*, 158 F.3d 449, 455 (9th Cir. 1998); *Martinez v. Ylst*, 951 F.2d 1153 (9th Cir 1991).

   DATED: September 28, 2007.

   EDMUND F. BRENNAN
   UNITED STATES MAGISTRATE JUDGE